"UNITED STATES DISTRICT COURT"
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"Pro se"

8:22 cv 428 TPB-CPT

> RANDY A. HART,
#2138649 W/M
plaintiff,

> CASE NUMBER:
To Be Set.

vs.

> DOUGLAS E. JACKSON,
ASST. PUBLIC DEFENDER
[IN] POLK COUNTY, FLORIDA,
Defendant.

Local Rule:
1.05(c)

"Civil RIGHTS COMPLAINT"
42 U.S.C. § 1983

* Allegations of **pro se** complaint are held to less stringent standards than formal pleadings drafted by lawyers.
* Allegations such as those asserted by plaintiff/petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. Haines v. Kerner, 404 U.S. 519 (1972).

N.P. * See: Case No. # 8:13-CV-2533-T-

C/File

> Local Rule: 1.05(c)

30MAP, "REVIEW OF DOCUMENTS", this Court. www.uscourts.gov.

> Federal Courts have "an obligation to look behind the label of a [pleading filed by a pro se inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework." Gooden v. United States, 627 F.3d 846, 847 (11th Cir. 2010)(quotation marks and citations omitted), Castro v. United States, 540 U.S. 375, 381-82 (2003)(citations omitted), instructs that the purpose for looking beyond the label a pro se litigant attaches to a pleading is "to avoid an unnecessary ▇▇▇ dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se [pleading]'s claim and its underlying legal basis."

> The district court exercised it's supplemental jurisdiction over

C/File

- Fed. R. App. P. 3
- 42 U.S.C. § 1983

State law claims of false arrest, battery, <u>and defamation</u>. See 28 U.S.C. § 1367(a)(Supp. III 1991).

* <u>See: Case No.</u> # 8:13-CV-2533-T-30 MAP, <u>this Court</u>.

- Federal Courts sit not to supervise prisons but to enforce the Constitutional rights of all "persons", including prisoners.

- Allegations of <u>Pro se</u> complaint are held to less stringent standards than formal pleadings drafted by lawyers.

* Allegations of <u>Pro se</u> complaint of prisoner, seeking to recover damages for claimed injuries and deprivation of rights by the defendant in the amount of (5) Five Million Dollars.

- Plaintiff request from this Court to proceed in forma pauperis as in accordance with 28 U.S.C. § 1915(9). Plaintiff is indigent for

C/File

> Local Rule 1.05(c)

this Cause.* See the jail records, inmate accounts, Polk County Jail, State of Florida.

1.) 28 U.S.C. § 1915(g)        "LAW"
2.) 28 U.S.C. § 1915(h)
3.) Haines v. Kerner, 404 U.S. 519 (1972).
4.) West's F.S.A. § 415.1111
5.) Chapter 768.28(9)(a), Fla. Stat.
6.) Fed. R. App. P. 3
7.) Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80

"Counsel of Record"
* Randy Allen Hart #2138649/Pro se *
Randy Allen Hart #2138649/Pro se *

> Polk County Jail/South County
2390 Bob Phillips Road.
Bartow, Florida. 33830
February 11, 2022
LT. Rudolph
LT. Dort           * South County Jail
SGT. V. Ricks
SGT. Palmer
Ofc. Mendez
28 U.S.C. § 1915(g)(h)
Fed. R. App. P. 3

C/File

~~Case: 8:22-cv-00186-TPB-JS~~

> February 11, 2022

Randy Allen Hart #2138649
Polk County Jail /South County/ SJ-9T-1
2390 Bob Phillips Rd.
Bartow, FL 33830

> Haines v. Kerner, 404 U.S. 519 (1972)

---

CC: ATTN: A.C.A.P.
The Florida Bar
651 E. Jefferson Street
Tallahassee, Florida
32399

CC: Florida Attorney General
Ashley Moody, A.G.
PL-01 The Capitol
Tallahassee, Florida
32399

> Fed. R. App. P. 3

C/File